CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 17 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WALTER DERRICK HOUGH,<br>         *Plaintiff,*<br><br>v.<br><br>WALTER W. HOUGH,<br>         *Defendant.* | CASE NO. 6:06-CV-00045<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

  This is a suit for termination of trust and conversion filed by a son against his father. According to Plaintiff, roughly 30 years ago, court orders in New York created two trusts out lawsuit settlements, with the defendant as the trustee, for the benefit of the plaintiff. They were allegedly intended to terminate in 1985 (when the plaintiff turned 18) but allegedly have not. The plaintiff claims he is paying taxes on trust income but does not have access tot he principal.

  The defendant is a North Carolina citizen. Plaintiff is a Virginia citizen. Defendant moves to dismiss for lack of personal jurisdiction and in the alternative, for a change of venue to New York. Plaintiff claims his father comes to visit periodically, and during these visits 1) writes checks for small parts of the trust income, and 2) discusses trust business with his son.

  A hearing was held on April 16, 2007 at which counsel for both plaintiff and defendant appeared.

  The personal jurisdiction inquiry traditionally proceeds in two steps: analysis of a state's long-arm statute, to determine if it authorizes the case in state courts of general jurisdiction, and

an inquiry into the constitutional reasonableness of an exercise of jurisdiction. Because Virginia's long-arm statute has been held to extend as far as the Constitution allows, this inquiry may be completed in one step. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir 2002).

Personal jurisdiction may be exercised over nonresident defendants only when they have sufficient contacts with the forum state as to not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Company v. Washington*, 326 U.S. 310, 316 (1945). A considerable body of law has developed to explain just what contacts are adequate. Specific jurisdiction is available when the contacts with the state form the basis of the suit, while general jurisdiction is available only when contacts are so pervasive as to justify jurisdiction on matters unrelated to those contacts. *Carefirst of Md, Inc. v. Carefirst Pregnancy Centers, Inc.*, 330 F.3d 390, 397 (4th Cir 2003). It should be clear from the outset general jurisdiction does not apply. To justify general jurisdiction, contacts must be "continuous and systematic," which occasional visits to family and delivery of checks are not. *ALS Scan, Inc. v. Digital Services Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).[1] The question is thus one of specific jurisdiction.

The Fourth Circuit has established three elements of specific jurisdiction: 1) the extent to which the defendant purposefully availed himself of the privilege of conducting activities in the State; 2) whether the plaintiffs' claims arise out of those activities directed at the State; and 3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *ALS*, 293 F.3d at 712.

On the specific question of the susceptibility of trustees to suit in foreign states, the Supreme Court has answered the question with *Hanson v. Denckla*, 357 U.S. 235 (1958). In that

---

[1]When asked, counsel for Plaintiff identified *ALS Scan* as his "best case" supporting jurisdiction.

case, a Delaware trustee who had sent checks to the settlor/beneficiary and accepted some trust-management directives from her while she resided in Florida was held unamenable to suit in that state. The majority found that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." .

This case is slightly different from *Hanson* in that Defendant allegedly delivered checks from the trust in person during visits to Virginia, and spoke with his son about trust business. Thus he has more contacts with the forum than the distant trust company in *Hanson*, which worked exclusively through the mails. However, the Plaintiff has not shown that Defendant's travel into Virginia was for the specific purpose of completing trust business. Rather, Defendant brought the checks with him during social calls. Thus he was not conducting trust business by entering Virginia, but rather the trust business was insubstantial and purely incidental to the true purpose of his visits, which was to see his family. Plaintiff gives no reason the checks could not have been mailed, nor is there any reason to think that, had the trusts never existed, that Defendant would not have come to Virginia. This was not a case of a trust company employee visiting an client; it was a father visiting his son.

Plaintiff relies on *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957). In that case, a single life-insurance contract was the only basis for jurisdiction. However, there is a distinction between soliciting the life insurance business of a citizen of a different state who then dies without moving and becoming a trustee for a beneficiary who later moves to a different state. The solicitation of business is precisely what is meant by "purposeful availment." Here, as in *Hanson* but unlike *McGee*, the connection to Virginia is the result of unilateral action by Plaintiff, over which Defendant had no control and which therefore cannot constitute purposeful availment on his part.

Defendant's connection to Virginia is tenuous at best. His activities have been almost entirely social, and even taking Plaintiff's allegations regarding trust business as true, they do not constitute minimum contacts. The courts of Virginia, and therefore this Court, cannot exercise jurisdiction over defendant consistent with due process.

The Motion is GRANTED. The case is DISMISSED and stricken from the docket of this court.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
U.S. District Judge

_April 17, 2007_
Date